# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

### JURY TRIAL MINUTES

**Hon. Rudolph T. Randa, Presiding**

**Deputy Clerk:**    **Linda Zik**
**Court Reporter:**    **Heidi Trapp**

**DATE:**   **May 15, 2006 to May 26, 2006**    **Time Called:**    **9:19 am.**

**CASE NO.:**   **04-Cr-248**

| | |
|---|---|
| ( United States of America | ) |
| ( | ) |
| (      **v.** | ) |
| ( | ) |
| ( Jefferson N. Calimlim | ) |
| ( Elnora M. Calimlim | ) |
| ( Jefferson M. Calimlim | ) |

APPEARANCES:

Plaintiff(s):           **Tracy M. Johnson / Susan L. French**

Defendant(s):         **Thomas E. Brown**  for Jefferson N. Calimlim

                         **Michael J. Fitzgerald** for Elnora M. Calimlim

                         **Rodney L. Cubbie** for Jefferson M. Calimlim

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 1 of 24   Document 187

Continued Jury Trial Minutes
Case No. 04-Cr-248
US v Calimlim, et al.

_____

**Monday, May 15, 2006 - Day 1**

9:19    Case called; appearances noted.
        Court will addresses the parties' motions in limine after jury selection.
        Court addresses the questionnaire sent to the jury and the supplemental voir dire questions
        requested by the defense. Court will ask the requested additional voir dire questions. Parties
        do not oppose an in-camera questioning of selected jurors if necessary.

9:25    Recess.

9:40    Jury panel enters and is sworn.

9:43    Voir dire begins.

10:10   Side bar conference.

10:13   Continued voir dire.

10:14   Court excuses Jurors # 5 & #9. Replaced with #29 & #30.

10:26   Jury strikes begin.

11:26   Court reads 14 names selected (2 alternates).

11:29   Balance of jurors exit.

11:31   Jurors exit for lunch.

11:32   Recess.

11:41   Reconvene. Court addresses Government's motion in limine. Government's argument
        thereon. Attorney Brown's response. Court will address it if the issue arise's during the
        trial. Government's reply. Attorney Brown's response.

        Defendants' motion in limine:
        (I)     Government's response as to abuse by father - it is admissible. Attorney Brown's
                response. Questioning should be limited to what Irma Martinez saw. Other matters
                would be highly prejudicial. New information was provided to defense this past
                Saturday about another interview with Irma Martinez. Government's response. It

Page 2 of 24

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 2 of 24   Document 187

was discovery they were obligated to disclose. Defense further argues that only the threats/violence that were directed to Irma Martinez should be allowed. Government disagrees and the testimony should be admissible. It goes to the heart of their case and is the reason why Irma Martinez responded the way she did. Attorney Brown's reply. Attorney Fitzgerald: mental state of forced labor addressed. A motion for severance or mistrial may need to be made. Government addresses what the statute does not require. Government agrees personal knowledge of Irma Martinez is required. Attorney Cubbie states he may need to move for severance if testimony is allowed. Court allows testimony of any conduct she observed. It's relevant to show the reasonableness of her fear.

(III) Pre 10/29/00 conduct. Attorney Fitzgerald cites 2 cases of conduct that pre-dated the offense. Relevancy argument. Action was pre-dated by the statute by 15 years. Court finds this is relevant. Can be admitted. Shows intent of conspirators in Count 2. It completes the story.

(II) Wealth evidence. Government's response. Relevant evidence. Court allows testimony thereon -differential of status of wealth between alleged victim and alleged perpetrators.

12:11 Attorney Fitzgerald states that any one objection by one defense counsel is adopted by all defense counsel.

12:12 Recess.

1:07 Reconvene. Government advises Court of being approached by a juror after the last recess but she was instructed to talk to the Clerk. Court notes the juror spoke to the bailiff about knowing one of the Government witnesses after she called her mother. Juror #27 enters courtroom and is questioned about her familiarity with the witness. Juror only knows the last name of the witness and does not know the witness personally. Juror exits to the jury room.

2 Stipulations with original signatures that were previously e-filed (#167 & #168) are tendered to Court. Attorney Cubbie states he did not sign one of them because he does not agree to the admission of the 8 items. Government - 2 of the 8 items in the stipulation have been accepted. Government will put on evidence for the other 6.

1:15 Jury enters and is sworn.

1:16 Government's opening statement.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 3 of 24   Document 187

1:25    Attorney Brown's opening statement.

1:39    Attorney Fitzgerald's opening statement.

1:54    Attorney Cubbie's opening statement.

2:07    **Jeffrey Stillings - Immigration and Customs Enforcement Agent** - Direct by Government

      *Court receives Government Exhibit 3a, 3b, 3c, 4a-k, 2*

      *Government reads #168 stipulation - item #4 as to admission of Government Exhibit 5. Exhibit 5 is received.*

2:38    Jurors exit.  Recess.

3:01    Reconvene.

3:02    Jurors enter.

3:03    Continued direct of Jeffrey Stillings.

      *Court receives Government Exhibit 4l-4m*

3:07- 3:37    Government plays *exhibit 1* for the jury - witness testifies thereon.

3:37    Further direct by Government.

3:38    *Government reads item #5 from #168 stipulation as to admission of Government exhibit 7 & 8.  Exhibits 7 & 8 are received.*

3:41    Side bar conference.

3:50    Continued direct.

      *Court receives Government Exhibit 9.*

3:54    Attorney Brown's cross-exam.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 4 of 24   Document 187

---

4:12    Attorney Fitzgerald's cross-exam.

4:19    Government's re-direct.

4:20    Witness excused.

4:21    Side bar conference.

4:2    Jurors advised re: publicity of trial to disregard anything they see/hear outside the courtroom.

4:23    Jurors exit.

4:24    All witnesses to be sequestered.

4:24    Recess.

## **TUESDAY, MAY 16, 2006 - DAY 2**

9:06    Case called; appearances noted.

9:07    Jurors enter.

9:09    **Charlene Giles - Expert witness - Department of Labor -** Direct by Government

9:24    Attorney Brown's cross-exam.

9:30    Attorney Fitzgerald's cross-exam.

9:38    Government's re-direct.

9:39    Witness excused.

9:40    **Juan Martinez** from Philippines through Interpreter (Tagalog language: interpreter sworn)

*Court receives Government Exhibit 10, 11b, 11c*

10:41    Jurors exit.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 5 of 24   Document 187

10:42   Recess.

11:07   Reconvene.

11:08   Jurors enter.

11:09   Attorney Brown's cross-exam.

11:30   Attorney Fitzgerald's cross-exam.

11:46   Government's re-direct.

11:52   Attorney Brown's re-cross.

11:54   Witness excused.

11:55   Jurors exit.

11:56   Interpreter's name is Karenina Castro.

11:57   Recess.

1:05   Reconvene.

1:06   Jurors enter.

1:07   **Violeta Singson - Civil Surgeon** -  Direct by Government

1:18   Attorney Brown's cross-exam.

1:19   Witness excused.

1:20   **Stephen P. Vitale - FBI Agent** - Direct by Government

1:26   Attorney Cubbie's cross-exam.

1:40   Government's re-direct.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 6 of 24   Document 187

1:41    Attorney Cubbie's re-cross.

1:42    Witness excused.

1:43    **Dr. Senen Arcilla** - Direct by Government

2:03    Attorney Brown's cross-exam.

2:06    Attorney Cubbie's cross-exam.

2:09    Government's re-direct.

2:10    Witness excused.

2:11    **Evelyn Arcilla** - Direct by Government

2:32    Witness excused.

2:33    Jurors exit.

2:34    Recess.

2:55    Reconvene.

2:56    Jurors enter.

2:57    **Debbie Howard-Merkel** - Direct by Government

        *Court receives Government Exhibit 30c, 30a*

3:03    Attorney Brown's cross-exam.

3:04    Witness excused.

3:05    **Roseneni F. Perez** - Direct by Government

3:14    Attorney Cubbie's cross-exam.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 7 of 24   Document 187

---

3:14    Witness excused.

3:15    **Thomas Robert Moore - Immigration and Customs Enforcement** - Direct by Government

        *Court receives Government Exhibit 9 - (already in evidence)*

3:20    Attorney Fitzgerald's cross-exam.

3:21    Witness excused.

3:22    Jurors exit.  Recess.

3:50    Reconvene - Jurors enter.

3:51    **Michael Barnes - FBI Agent** - Direct by Government

        *Court receives Government Exhibit 47*

3:56    Attorney Fitzgerald's cross-exam.

4:06    Attorney Cubbie's cross-exam.

4:15    Government's re-direct.

4:16    Attorney Cubbie's re-cross.

4:17    Witness excused.

4:18    **Kathleen A. Wilson** - Direct by Government

4:22    Witness excused.

4:23    **Carl Strohmaier** - Direct by Government

4:29    Attorney Brown's cross-exam.

4:29    Attorney Fitzgerald's cross-exam.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 8 of 24   Document 187

4:31    Government's re-direct.

4:31    Witness excused.

4:32    Jurors exit.

4:33    Recess.

## WEDNESDAY, MAY 17, 2006 - DAY 3

9:15    Case called; appearances noted.

9:16    Stipulation submitted to Court to be read to the jury before the first witness.

9:18    Jury enters.

9:19    Stipulation filed 5/16/06 as to Jefferson N. Calimlim read by Government to jurors.

9:20    **Irma Martinez** - Direct by Government

   *Court receives Government's Exhibit 12*

9:34    Side bar conference.

9:39    Continued direct.

10:59   Jurors exit.

11:00   Side bar conference placed on the record by Attorney Cubbie. His client was 11 when the conspiracy started so he objected as to the time frame on the information the government was trying to elicit. He states he believes there is no evidence of a conspiracy yet. Curative instruction is not sufficient and will not protect his client. He requests a severance.

   Government states a limiting instruction could be given as to forced labor charges. Government objects to severance.

   Court - Jury can separate the facts as to Jeff Jr.

Page 9 of 24

All 3 defense counsel have a continuing objection to statements being introduced that were made outside the presence of their clients.

11:04  Recess.

11:26  Reconvene.

11:27  Jurors enter.

11:28  Continued direct.

        *Court receives Government Exhibit 18, 21*

12:21  Jurors exit.  Recess.

1:34  Reconvene - Jurors enter.

1:35  Government's continued direct.

        *Court receives Government Exhibit 46*

2:07  Attorney Brown's cross-exam.

2:41  Attorney Fitzgerald's cross-exam.

3:22  Jurors exit.  Recess.

3:54  Reconvene - Jurors enter.

3:55  Continued cross-exam by Attorney Fitzgerald.

        *Court receives Government's Exhibit 17, Defendant's Exhibit 1000*

4:34  Attorney Cubbie's cross-exam.

4:38  Jurors exit.

4:39  Recess.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 10 of 24   Document 187

Continued Jury Trial Minutes
Case No. 04-Cr-248
US v Calimlim, et al.

---

### **THURSDAY, MAY 18, 2006 - DAY 4**

9:13    Case called; appearances noted.

9:14    Attorney Cubbie addresses Government's potential re-direct as it relates to his cross-examination of Irma Martinez.  Government's response.

9:16    Jurors enter.

9:17    Re-Direct of **Irma Martinez**.

> *Court receives Government Exhibit 54*

9:49    Attorney Fitzgerald's re-cross.

10:00   Government's re-re-direct.

10:01   Witness excused.

10:02   **Robert Gohl - Expert - Forensic Document Examiner for Immigration and Customs Enforcement** - Direct by Government

> *Court receives Government Exhibit 6*

10:08   Witness excused.

10:09   **Gary Allen Ray - sworn**

10:10   Side bar conference.

10:15   Witness excused but is under a continuing subpoena.

10:19   Recess.

10:35   Reconvene.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 11 of 24   Document 187

10:36   Jurors enter.

10:37   **<u>Ceferina Martinez</u>** - through Tagalog interpreter Karenina Castro - Direct by Government

*Court receives Government Exhibit 38*

10:54   Attorney Brown's cross-exam.

11:11   Attorney Fitzgerald's cross-exam.

11:24   Government's re-direct.

11:28   Attorney Fitzgerald's re-cross.

11:30   Witness excused.

11:31   Interpreter is excused from the trial.

11:32   **<u>Christina Calimlim</u>** - sworn

11:33   Side bar conference.

11:36   Christina Calimlim - Direct by Government

*Court receives Government Exhibit 28*

11:58   Jurors exit.  Recess.

1:26    Reconvene.

1:27    Jurors enter.

1:28    Continued direct.

1:29    Attorney Brown's cross-exam.

1:33    Attorney Fitzgerald's cross-exam.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 12 of 24   Document 187

1:36     Attorney Cubbie's cross-exam.

1:43     Government's re-direct.

1:45     Witness excused.

1:46     Side bar conference re: next witness Gary Allen Ray.

1:54     **Gary Allen Ray** - previously sworn - Direct by Government

1:58     Attorney Brown's cross-exam.

1:59     Attorney Fitzgerald's cross-exam.

2:00     Attorney Cubbie's cross-exam.

2:01     Government's re-direct.

2:01     Witness excused.

2:03     **Sherry Lee Bantug** - Direct by Government

2:23     Side bar conference.

2:24     Court strikes last answer.

2:25     Attorney Brown's cross-exam.

2:26     Attorney Fitzgerald's cross-exam.

2:34     Witness excused.

2:34     Government rests.

2:35     Jurors exit.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 13 of 24   Document 187

2:36   Recess.

2:54   Reconvene.

2:54   Attorney Brown's comments as to scheduling of case.  Attorney Brown addresses that significant Rule 29 issues need to be addressed by all defense counsel.   Defense case will take no more than 1-day.  Defense asks to release the jury until next week Wednesday but bring attorneys back tomorrow to argue the Rule 29 motions.

2:59   Government opposes this schedule.  Requests that defense proceed with their case tomorrow.

3:01   Attorney Brown states they have a summary witness.

3:02   Government opposes use of a summary witness as to the letters.

3:03   Additional argument regarding the letters.

3:04   Court:  scheduling addressed - adopting defense schedule.  Summary witness addressed. Defense to prepare summary and have it to the Government by Monday.  Government states they will object.  Summary shall also be sent to the Court.

3:13   Jurors enter.  Court addresses them.  They are to return Wed. May 24 at 10:00 am.

3:17   Jurors exit.

3:18   Recess.


**THURSDAY, MAY 19. 2006 - DAY 5**

10:41  Case called; appearances noted.

10:42  Court has the defendants' Rule 29 motions to dismiss.

10:43  Attorney Fitzgerald's arguments on behalf of Jefferson N. Calimlim and Elnora Calimlim.

(a) §1589 - how services were obtained - it was voluntary. Evidence was insufficient on

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 14 of 24   Document 187

_____

Counts 1 & 2 - no threat of harm to her or to restrain her or to others; Irma stayed to support her family (2nd prong of statute not met); 3rd prong addresses threats to abuse or use legal system; evidence establishes that if she is detected, she could be arrested, jailed and deported. The Calimlims never said they would have her arrested and jailed. Failure to act on Calimlims part to get her a passport, visa, green card, etc. This is not an element of the statute.

This argument also applies to Counts 3 & 4.

Attorney Brown's arguments as to Jefferson M. Calimlim.

Attorney Cubbie's arguments as to all 3 counts of the Indictment.
2 elements of counts 3 & 4:
(1) knowledge;
(2) actions taken to facilitate the maid staying in the US.

Government failed to prove both elements.

False statement count - count 5 - the statement has to be a *material* statement. Defense argues for dismissal of this count. As to Defendant's 1st statement - Statements that are literally true are not § 1001 violations. The 2nd statement was a false statement but not a *material* statement. No agent was influenced by this statement nor was it a capable statement to influence behavior on the part of the agents. The statement was not communicated to any other agent at the time of the event.

No proof defendant took steps to harbor an illegal alien or facilitate her remaining in the Country.

Governments arguments:
1st 2 counts - all 3 prongs met.
(1) Government's case - defendants intent was to control alien; passport is important; Mr. Jefferson N. Calimlim stipulated knowing he knew how to make someone legal;
§1589
(2) threats made to alien ; serious harm is financial devastation. Calimlims knew this and targeted her. Concealment of alien did not allow alien to seek a change in her status.
(3) abuse or threat of abuse of law - these were not mere statements made to protect her. They intended to use the law to obtain her services. She wanted to come back and work but not for the Calimlims. She was scared into submission.

Jefferson M. Calimlim - as to knowledge - hard to believe that he did not have knowledge of her illegal status; she performed duties for Jeff Jr. He helped his parents hide and conceal her. Not telling agents where she was is an overt act in the conspiracy. False statement should go to the jury.

Page 15 of 24

Whether statement was material - influence of statement is clearly there.

Attorney Cubbie's reply  - what the government believes is not relevant.  No evidence Jeff Jr. provided the employment or paid her.

Attorney Fitzgerald's reply - one of threatened harms was financial devastation indicated by Government.  Congress did not intend this in the statute.

Government - financial element is there.


Court:

Addresses counts 1 & 2 as to Jefferson N. Calimlim and Elnora M. Calimlim.

Jeff Jr. addressed.

Forced labor statute addressed.

All counts to go to the jury and then the Court can revisit the motions if they are brought again.  Jeff Jr. addressed as to his knowledge of illegal status.  Inferences can be drawn. False statements addressed as to whether the statement is literally true is for the jury to decide.  Court will reconsider if it has to.

All motions denied.

Government requests theory of admission by defense since the letters are heresay with no exception to the heresay rule.

Attorney Brown says they are all admissible and relevant as to the state of mind of Irma and her mother.
Government addresses that the mother's state of mind is not an issue but agree that Irma's is.  Only 1 letter is in evidence.

Defense proposes a stipulation that if Irma would take the stand, she would testify that she wrote the letters and the same from her mom. Government can argue relevance later.

Defense:  Content of letters is not being requested to be stipulated to, just authentication.  It's a clear exception to the heresay rule.  The letters are not being put in to impeach anyone.

Page 16 of  24

Government states it will put in a bench memo requesting that the defense put forth their intent.

Defense requests production of the witnesses if the Government will not stipulate to the letters. Government will stip to authenticity but not to admission.

Defense - that is what the defense is requesting. Government will advise the defense and court in the next hour what it will stipulate to.

Court - addresses Ceferina's testimony on the letters. Government and defense arguments.
Court - requesting clarification from Government as to admission of the letters. Government's response.

Written arguments to be submitted on authentication.

12:09   Recess.


**Wednesday, May 24, 2006 - Day 6**

10:13   Case called; appearances noted.

10:14   Court addresses proposed chart offered by the defense. Now there is a dispute over the offering of Professor Edward A. Fallone as an expert.

Attorney Brown states the summary charts are no longer an issue. They will not be offered. Professor Fallone as an expert is an outstanding issue. His testimony is relevant to the stipulation filed 5/16/06 which was read to the jury re: legal requirements for a domestic worker. He will testify as to a T-Visa and a non-citizen who harbors an illegal alien is subject to deportation which Mr. Jefferson N. Calimlim and Elnora M. Calimlim are subject to. As to the letters: Government does not need to re-open its case and defense is entitled to bring the letters into the case. Government stipulates to the authenticity of the letters. Heresay and relevancy are the issues. The only letters to be introduced are re: money, desire for more money and why it's needed; that Irma can't come home without a green card. They are to be offered but not for the truth of the matter so they are not heresay. Pursuant to §803, Ceferina Martinez's letters are not heresay. Irma Martinez's letters to her Mom re: her staying here; medical care; wanting to go home but not to stay there are relevant to her state of mind and therefor admissible.

Government's response. (1) expert witness - 1st time they heard of him was on Monday,

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 17 of 24   Document 187

May 22,2006 per a letter received from the defense. A letter was received yesterday which is the first time there is a mention of what the professor would testify to. Giglio addressed. Government had asked Irma about money on direct. Cross-exam was conducted and that's when the issue should have been addressed; (2) consequences to defendants if they sought legal papers for Irma - this is frought with prejudice and should not go to the jury. The defendants' legal status has not been brought before the jury. It's a fact not in evidence. Punishment is not an issue for the jury; (3) whether the Professor is an expert is addressed - data has not been received, he does not appear to be an expert on immigration law but rather possibly securities law. Proposed chart by defense addressed and purpose of Ceferina's letters addressing § 803 which goes to Irma's state of mind which are to be excluded. They are not all relevant and should not come in. The 22 letters, even with the witness on the stand, would have nothing to do with her state of mind and would not be admissible. 22 letters should come in in their totality not just portions of them because they are consistent with the Government's case and should come in for completeness. Previous stipulation addressed.

*Hanson* case addressed by defense and Government; Mrs. Calimlim is to testify and the Government would like to review *Hanson* prior to her testimony. Government wants to look at Jefferson N. Calimlim's exhibit binder of letters which was just presented to the Government now and they need time to review them. Defense - they are in the discovery. Binder provided to Court.

Court wants to take a longer look at the authority but since the jury has been waiting, Mrs. Calimlim can take the stand and then a break will be taken for the cross-exam.

10:48   Jury enters.

10:49   Side bar conference.

10:50   **Elnora M. Calimlim** - Direct by Michael Fitzgerald

11:04   Side bar conference.

11:07   Continued direct.

11:41   Side bar conference.

11:46   Continued direct.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 18 of 24   Document 187

11:56    Jurors exit.

11:57    Side bar placed on the record - right not to testify and to testify addressed re: Mrs. Calimlim. She chose to testify.

11:58    Recess.

1:21    Reconvene.

1:22    Court's ruling on motions:
    (1)    Letters - *Hanson* case cited. If not offered for the truth of the matter asserted - they can come in but the truth cannot be discounted. They are excluded (there was also late notice and are cumulative)
    (2)    Professor Fallone - Court has his CV from the internet; he teaches immigration law at Marquette University Law School; no indication of expertise as to immigration matters. His testimony would be cumulative. His testimony would not expand upon the stipulation.

    Defense marks CV of Professor Fallone as *exhibit 1199* for the record. Binder of letters have been marked as separate defense exhibits for the record.

1:38    Jurors enter.

1:39    Government's cross-exam of <u>Elnora M. Calimlim</u>

    *Court receives Government Exhibits 33a, 33b*

2:11    Side bar conference.

2:14    Continued cross-exam.

2:29    Attorney Fitzgerald's re-direct.

2:39    Government's cross-exam.

2:40    Witness excused.

2:40    Defense rests as to all 3 defendants.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 19 of 24   Document 187

2:41    Jury exits.

2:42    Government will not offer rebuttal testimony.  Elnora M. Calimlim renews her Rule 29 motion for dismissal.  Court adopts its previous reasoning and deny's Elnora M. Calimlim's motion.  Jefferson M. Calimlim renews his motion for dismissal.  Jefferson N. Calimlim renews his motion for dismissal.  Government's arguments to deny the 2 motions to dismiss.  Court deny's the other 2 motions to dismiss.

2:45    Court addresses Jefferson N. Calimlim as to his decision not to testify.  Defendant indicates he has decided not to testify.

        Court addresses Jefferson M. Calimlim as to his decision not to testify.  Defendant indicates he has decided not to testify.

2:47    Jury enters.

2:48    Government rests - no rebuttal offered.

2:49    Court addresses Jury.  Court excuses them for the day.

2:51    Jurors exit.

2:52    Attorney Cubbie addresses his additional instruction filed.  Court has it.

2:53    Recess.

3:52    Instruction Conference.

7:10    Recess.

## Thursday, May 25, 2006 - Day 7

9:12    Case called; appearances noted.

9:13    Court has additional instructions.

        Govt - unanimity instruction withdrawn by Attorney Brown and Attorney Fitzgerald.

Case 2:04-cr-00248-RTR    Filed 05/15/06    Page 20 of 24    Document 187

Government as to Forfeiture: Bifurcation of forfeiture is required after a conviction is received.

Defense proposes a modification to the verdict form to include it in the entire verdict form.

Rule 32.2(b)(4) addressed - Defense argues for the forfeiture to be included in the verdict form.

Government asks that the trial be bifurcated on forfeiture of the home.

Court - Government is correct; trial is bifurcated.

Government objects to defendant's theory of defense instruction - it does not meet the 4-prong test.
Attorney Brown's arguments - Government's reply.

Court allows defense's Theory of Defense instruction.

Defense's Literal Truth instruction addressed.
Attorney Cubbie's Aiding and Abetting instruction argued - applies only to Counts 1 & 2.

Government and Rodney Cubbie's Literal Truth instructions argued.
Court - modifies and includes both the Government and Defense versions.

Lesser Included Offense to be included in verdicts.

9:55    Recess.

10:04   Reconvene.

10:05   Jurors enter.

10:06   Government's closing arguments.

11:07   Attorney Brown's closing arguments on behalf of Jefferson N. Calimlim.

11:36   Attorney Fitzgerald's closing arguments on behalf of Elnora M. Calimlim.

12:01   Attorney Cubbie's closing arguments on behalf of Jefferson M. Calimlim.

Page 21 of 24

12:34   Government's rebuttal closing arguments.

1:00   Jury exits.

1:01   Court addresses lesser included offense as to Count 3 in the verdict. One instruction to be modified.

1:04   Recess.

1:16   Reconvene - Jurors enter.

1:17   Jury Instructions given.

2:13   2 alternate jurors excused.

2:15   Bailiff sworn.

2:16   Jurors exit to begin deliberations.

2:17   Attorney Brown states he has reviewed the A-File and removed some pages. Removed pages are marked as *defense exhibit 1200*.

        Counsel agree that exhibits received into evidence may go to jury as well as the stipulations if the jury asks for them.

2:20   Recess.

4:22-4:36   Conference call with counsel conducted regarding question from the jury. Conference call placed on the record. Further instruction given to jury and added to jury instructions (see page 60 of jury instructions).

5:35   Jurors complete deliberations for today - to return tomorrow.


**Friday, May 26, 2006 - Day 8**

8:50   Jurors resume deliberations.

10:50-11:05   Conference call with counsel conducted regarding question from the jury and placed

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 22 of 24   Document 187

on the record.

11:24   Court has jury back in the courtroom and testimony of Agent Stillings read to them.

12:50   New bailiff sworn.

1:03   Reconvene for verdict.

1:04   Court raises issue of criminal forfeiture instruction - Defense and Government waive the jury making a finding and consent to the Court addressing it.

1:06   Jury enters.

1:07   Court reads verdicts.

> Jefferson M. Calimlim - Not Guilty on Count 1 but Guilty of the lesser offense of harboring an alien; Not Guilty on Counts 4 and 5 of the 3rd superseding indictment.

> Elnora M. Calimlim - Guilty on all 4 counts in the 3rd superseding indictment.

> Jefferson N. Calimlim - Guilty on all 4 counts in the 3rd superseding indictment.

1:11   Jury exits.

1:13   Court will enter judgment subject to post-trial motions.

Rule 32 - waived by all 3 defendants and Government.

**<u>Sentencing hearings for all 3 defendants:  September 15, 2006 at  9:00 am.</u>**

Government's motion for remand as to Jefferson N. Calimlim and Elnora M. Calimlim. They are facing deportation.  There is a potential for flight; no incentive to remain in US when facing a jail cell.  No extradition agreement between US and Philippines.

Defense opposes remand - no doubt or danger of fleeing by defendants.  Passports have been surrendered.  There is the potential for an appeal and they would risks themselves by fleeing.

Attorney Fitzgerald joins in Attorney Brown's comments.  He anticipates significant post-judgment motions and motions for bail pending appeal will most likely be filed.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 23 of 24   Document 187

Government clarifies its comments - There is no incentive for them to remain in the US; this case is no different from any other as far as a potential for appeal. Age of defendants should also be taken into consideration.

Court: There is no danger to community but the question is risk of flight. Calimlims have contact with the Philippines and have visited there. Defendants have been compliant while on bond; their children are in the US; this is a relatively new statute; Court will retain the passports in custody of the Clerk of Court. The Governments motion for remand is denied.

1:24    Adjourned.

Case 2:04-cr-00248-RTR   Filed 05/15/06   Page 24 of 24   Document 187